```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Mark R. Russell,                :

        Plaintiff       :     Civil Action 2:05-cv-846

   v.                            :

Sgt. Brian Reigal,              :     Judge Frost

        Defendant       :


<u>REPORT AND RECOMMENDATION</u>

    On September 13, 2005, this Court received a complaint and application for leave to proceed <u>in forma pauperis</u> from Mark Russell, a prisoner proceeding <u>pro se</u>.  Mr. Russell's motion to proceed <u>in forma pauperis</u> was granted that same day.  This action is now before the Court for an initial screening pursuant to 28 U.S.C. §1915A.  For the following reasons, it will be recommended that the complaint be dismissed as frivolous.

    28 U.S.C. §1915A provides that the Court "shall review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity," and further provides that the Court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A suit is frivolous if it lacks any arguable foundation in either fact or law.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  A complaint fails to state a claim if, after accepting as true all well-pleaded allegations of the complaint, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  The Court is

mindful that pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by the plaintiff.

In July 2005, Mr. Russell filed a complaint in this Court pursuant to 42 U.S.C. §1983 against Sgt. Brian Reigal, the same defendant named in this complaint. In that case, Mr. Russell alleged a denial of his due process rights. In particular, he pleaded the following:

> 5. On March 14, 2002 a stipulation order was filed with the Franklin County Clerk of Court, along with an order to transport plaintiff to the Ohio Public Safety Building.
>
> 6. On March 19, 2002, plaintiff was conveyed from the County Corrections Center to the Ohio Public Building, offices of the Ohio State Highway Patrol to have a polygraph examination conducted.
>
> 7. All aspects of the testing were videotaped, the test was performed by defendant, Sgt. Brian Reigal.
> ***
>
> 9. Sgt. Brian Reigal, defendant took it upon himself to destroy the videotape recorded examination without discussing it with the parties who agreed to the stipulation, or the Court that ordered it.
>
> 10. Sgt. Brian Reigal, defendant, after destroying the videotape evidence, purposely lied about the events that took place during the pre-testing, testing, and post-testing, depriving plaintiff the oppurnity [sic] to dispute any of the things he testified to.

The July 2005 complaint was reviewed by Magistrate Judge Abel, who recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim. Judge Abel's

recommendation was adopted by Judge Smith, and the case was dismissed on August 3, 2005.

On September 13, 2005, Russell filed this case. The September 2005 complaint alleged, *inter alia*, that

> 5. On March 14, 2002 a stipulation order was filed with the Franklin County Clerk of Court, along with an order to transport plaintiff to the Ohio Public Safety Building. The stipulation states that the polygraph would be admissible in the Franklin County Court of Common Pleas, case no. 01-CR-6492, A criminal trial.
>
> 6. On March 19, 2002, plaintiff was conveyed from the County Corrections Center to the Ohio Public Building, offices of the Ohio State Highway Patrol to have a polygraph examination conducted.
>
> 7. All aspects of the testing was [sic] videotaped, the test was performed by defendant, Sgt. Brian Reigal.
> ***
>
> 9. Sgt. Brian Reigal, defendant took it upon himself to destroy the videotape recorded examination without discussing it with the parties who agreed to the stipulation, or the Court that ordered it.
>
> 10. Sgt. Brian Reigal, defendant, after destroying the videotape evidence, purposely lied about the events that took place during the pre-testing, testing, and post-testing, depriving plaintiff the oppurnity [sic] to dispute any of the things Sgt. Brian Reigal testified to at his criminal trial, depriving palintiff [sic] of his right to liberty and due process of law.

In other words, the operative allegations of these two complaints are identical.

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. J.Z.G. Res., Inc. v. Shelby

3

<u>Ins. Co.</u>, 84 F.3d 211, 214 (6th Cir.1996).  Under claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been litigated or presented.  <u>Id</u>.  Similarly, under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction that determination is conclusive in subsequent lawsuits based on a different cause of action when used against any party to the prior litigation.  <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979).

After reviewing both the July 2005 and the September 2005 complaints, the Court concludes that the latter complaint is barred by the doctrine of res judicata because the complaints are virtually identical.  Accordingly, the final judgment dismissing the July 2005 complaint bars any and all claims filed by Russell alleging a violation of his due process rights pursuant to 28 U.S.C. §1983 against Sgt. Reigal arising out of the alleged destruction of polygraph evidence in 2002.

Based on the foregoing, it is recommended that Russell's complaint be dismissed pursuant to 28 U.S.C. §1915A because the complaint is frivolous.

<u>PROCEDURE ON OBJECTION</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein,

4

may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operate as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 f.2d 947 (6th Cir.1981).

                                      <u>/s/ Terence P. Kemp</u>
                                      United States Magistrate Judge